**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
Alexandra R. McIntosh (SBN 320904)
amcintosh@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTELMA CHAVEZ, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>LINCARE INC., a Delaware corporation; and DOES 1 through 100,<br><br>    Defendants. | Case No. 2:20-cv-02043 JWH-E<br><br>*[Assigned to the Hon. John W. Holcomb]*<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>**(1) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br>**(2) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br>**(3) FAILURE TO REIMBURSE ALL NECESSARY BUSINESS EXPENDITURES (LABOR CODE §§ 2802, 2804);**<br>**(4) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226);**<br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201-203, 212-213);**<br>**(6) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*); and**<br>**(7) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT ((LABOR CODE § 2698, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Plaintiffs Antelma Chavez and Bernal Mazariegos ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby brings this Second Amended Class and Representative Action Complaint ("Complaint") against Lincare Inc.; and DOES 1 to 10, inclusive (collectively "Defendants"), and on information and belief, alleges as follows:

## JURISDICTION

1.      Plaintiffs, on behalf of themselves and all others similarly situated, originally filed this action in Ventura County Superior Court for recovery of unpaid wages and penalties under California Business & Professions Code § 17200 *et seq.*; Labor Code §§ 201-203, 212-213, 226, 226.7, 512, 516, 558, 2802, and 2804; and Industrial Welfare Commission ("IWC") Wage Order No. 7-2001 (hereinafter, "Wage Order 7"), in addition to seeking injunctive relief, declaratory relief, and restitution. As explained herein, Plaintiff Chavez filed a separate action seeking civil penalties under the Private Attorneys General Act (Labor Code § 2698 *et seq.*) ("PAGA"). Pursuant to a stipulation of the parties and Court order, Plaintiff Chavez seeks those civil penalties in this Complaint as well.

2.      Defendants removed this action to the United States District Court for the Central District of California on March 2, 2020, pursuant to 28 U.S.C. §§ 1332(d) the Class Action Fairness Act. Plaintiffs do not concede that Defendants, as the proponents of federal jurisdiction, have established that federal jurisdiction is proper, and reserve the right to file a motion for remand.

## VENUE

3.      Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

///

///

**PARTIES**

4.      Plaintiffs are individuals over the age of eighteen (18). At all relevant times herein, Plaintiffs were and currently are, California residents. During the four years immediately preceding the filing of this action and within the statute of limitations periods applicable to each cause of action pled herein, Defendants employed Plaintiffs as non-exempt employees. Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by under California Business & Professions Code § 17200 *et seq.*; Labor Code §§ 201-203, 212-213, 226, 226.7, 512, 516, 558, 2802, 2804, and 2698 *et seq.*; and Wage Order 7, which sets employment standards for the "Mercantile Industry."

5.      Plaintiffs are informed and believe, and based thereon alleges, that during the four years preceding the filing of this action and continuing to the present, Defendants did (and continue to do) business by supplying respiratory-therapy products, and employed Plaintiffs and other similarly situated non-exempt employees within Ventura County and the State of California and, therefore, were (and are) doing business in Ventura County and the State of California.

6.      Plaintiffs do not know the true names, identities and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes (as defined in Paragraph 19) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

7.      Plaintiffs are informed, and believe, and thereon alleges, that at all

3

times mentioned herein, Defendants were and are the employers of Plaintiffs and all members of the Classes.

8. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Plaintiffs further allege that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

10. Defendants employed Plaintiff Chavez as a "Customer Service Representative" (or similarly titled position) from approximately August 2016 to on or about December 18, 2018. Throughout Plaintiff Chavez's employment with Defendants, Plaintiff Chavez worked at Defendants' office in Oxnard, California.

11. During Plaintiff Chavez's tenure, Defendants required Plaintiff Chavez and other non-exempt employees to record their hours worked using Defendants' timekeeping system. Specifically, Plaintiff Chavez and other non-exempt employees clocked in and out using their work computer at the beginning and end of their shift, in addition to at the beginning and end of each meal period.

12. Defendants employed Plaintiff Mazariegos as a "Customer Delivery Technician" (or similarly titled position) from approximately October 2016 to approximately December 2016. Throughout Plaintiff Mazariegos' employment

with Defendants, Plaintiff Mazariegos worked at Defendants' office in Redlands, California.

13.    At all times relevant herein, Defendants' meal period policies/practices failed to provide Plaintiffs and other non-exempt employees with legally-compliant meal periods, including meal periods of at least 30-minutes commencing before the conclusion of the fifth hour of work and/or a second meal period when they worked shifts in excess of 10.0 hours. Due to work demands imposed by Defendants, Plaintiffs and other non-exempt employees often were unable to take a meal period prior to the completion of the fifth hour of work, and on some occasions were not provided with any meal period at all.  For example, during the pay period beginning on 11/26/2018 and ending on 12/9/2018, Plaintiff Chavez worked two shifts in excess of nine hours without receiving any meal period, and during this same pay period she also had four meal periods that began after the completion of her fifth hour of work. Yet during this pay period, Plaintiff Chavez was not paid a meal period premium by Defendants for any of these shifts in which they failed to provide her with all legally required meal periods, as mandated by Labor Code § 226.7. Upon information and belief, Defendants failed to maintain an adequate system for ensuring meal period compliance amongst its non-exempt employee workforce.  As a result of Defendants' failure to provide all legally required meal periods, Defendants failed to compensate their employees with the required meal period premium for each workday in which employees experienced a meal period violation. Upon information and belief, during at least a portion of the putative class period, Defendants did not maintain a payroll code or other mechanism for the payment of meal period premiums under Labor Code § 226.7 in the event they failed to provide a legally compliant meal period to their non-exempt employees.

14.    Defendants failed to authorize and permit Plaintiffs and other non-exempt employees from taking all legally-compliant rest periods due to work demands as well as Defendant's unlawful on-premises rest period policy. As a

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

result, Plaintiffs and other non-exempt employees were often not authorized or permitted to take any rest periods during work shifts in excess of 8.0 hours or a third rest period on shifts in excess of 10.0 hours. On those occasions, Defendants failed to compensate Plaintiffs and other non-exempt employees with the required rest period premium for each workday in which they experienced a rest period violation as mandated by Labor Code § 226.7. Upon information and belief, Defendants maintained no payroll code or other mechanism for the payment of rest period premium payments under Labor Code § 226.7 in the event that Plaintiffs and other non-exempt employees were not provided with a legally-compliant rest period.

15.    Defendants also failed to reimburse Plaintiffs and other non-exempt employees for all reasonable and necessary work expenditures, including, but not limited to personal cellular phone expenses. Specifically, Plaintiffs' supervisor called and/or text messaged Plaintiffs on their personal cellular phone on most workdays to discuss work-related matters, and there were often group text messages pertaining to work-related matters that Plaintiffs and her co-workers used to communicate with each other throughout the workday. Additionally, when Plaintiff Mazariegos worked on-call hours during the weekends, Plaintiff Mazariegos was required to use his personal cellular phone to receive work related calls, including work assignments. Plaintiffs and other non-exempt employees were not reimbursed for these work-related expenditures as required pursuant to Labor Code § 2802.

16.    As a result of Defendants' failure to pay all meal and rest period premium wages, Defendants maintained inaccurate payroll records, issued inaccurate wage statements to Plaintiffs and other non-exempt employees, and failed to pay Plaintiffs and other non-exempt employees all wages owed at the time of their separation of employment with Defendants. Defendants also failed to timely pay Plaintiff Chavez her final wages at the time of her separation from employment as Defendants did not pay Plaintiff Chavez's her earned wages until two months after her separation from employment. Upon information and belief, Defendants

have a policy and practice of failing to pay all earned wages to their former employees at the time of their separation from employment. Defendant further failed to issue accurate itemized wage statements as a result of its failure to include the name and address of the legal entity that is the employer.

17.    Defendants further violated California Labor Code sections 212 and 213 by issuing pay cards to its employees, including Plaintiff Chavez, as payment of their final wages without their voluntary authorization and which were not negotiable and payable in cash, on demand, without discount at established businesses within the State of California.

## CLASS ACTION ALLEGATIONS

18.    **Class Definitions**: Plaintiffs brings this action on behalf of themselves and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

a.    The Meal Period Class consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours, during the four years immediately preceding the filing of this action through the present.

b.    The Rest Period Class consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the filing of this action through the present.

c.    The Employee Expense Class consists of all of Defendants' current and former non-exempt employees in California who were not reimbursed for the use of their personal cellular phones, during the four years preceding the filing of this action through the present.

d.    The Wage Statement Class consists of (i) all members of the Meal Period Class and/or Rest Period Class who received a wage statement from Defendants and/or (ii) all employees who received a wage

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

statement with Defendant's logo, during the one year preceding the filing of this action through the present.

19.    The <u>Waiting Time Class</u> consists of consists of all (i) Defendants' former employees in California who upon their separation of employment received their final wages in the form of a pay card and/or (ii) Defendants' former employees who did not receive their final wages immediately at the time of termination; (iii) Defendants' former employees who did not receive their final wages at least 72 hours after resignation; and (iv) Defendants' formerly employed members of the Meal Period Class and/or Rest Period Class, during the three years immediately preceding the filing of this action through the present.**Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the members of each of the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

20.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiffs and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

a.    Whether Defendants provided all legally-compliant meal periods to Plaintiffs and members of the Meal Period Class pursuant to Labor Code §§ 226.7 and 512;

b.    Whether Defendants authorized and permitted all legally-compliant rest periods to Plaintiffs and members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

c.    Whether Defendants' reimbursement policies, and failure to reimburse

Plaintiffs and members of the Employee Expense Class for business expenditures necessarily incurred in the performance of their work duties comply with Labor Code § 2802;

d.    Whether Defendants furnished legally-compliant wage statements to Plaintiff Chavez and members of the Wage Statement Class pursuant to Labor Code §§ 226;

e.    Whether Defendants' polices and/or practices for the timing and amount of payment of final wages to Plaintiffs and Waiting Time Class members at their separation of employment were lawful; and

f.    Whether Defendants' paid employees their final pay on a pay card or ATM card without their authorization in violation of Labor Code sections 212 and 213.

21.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as meal and rest periods, reimbursement for necessary business expenditures, furnishing accurate and itemized wage statements, payment of final wages on pay cards, and timely paying all final wages upon separation of employment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

22.    **Typicality**: Plaintiffs' claims are typical of the claims of the Classes because Defendants employed Plaintiffs as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in this Complaint. As alleged herein, Plaintiffs, like the members of the Classes, did not receive all meal periods, were not authorized and permitted to take all rest periods, did not receive reimbursements for necessary business expenditures, did

not receive itemized and accurate wage statements, and did not receive all final wages owed to them upon their separation of employment with Defendants. Additionally, Plaintiff Chavez received her final wages on a pay card without her consent.

23.    **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiffs. Plaintiffs' attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

24.    **Superiority**: The Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file individual lawsuits, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by individual

class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes are maintainable as classes under Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

25.    Plaintiffs re-alleges and incorporates by reference all prior paragraphs.

26.    Defendants failed to provide Plaintiffs and members of the Meal Period Class with proper meal periods in accordance with the mandates of the California Labor Code and Wage Order 7.  As such, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 7.

27.    Plaintiffs are informed and believe that Defendants maintained a policy and/or practice of failing to pay all meal period premiums at the employee's regular rate of compensation, despite Defendants' failure to provide Plaintiffs and other non-exempt employees with all legally-complaint meal periods. As a result, Plaintiffs and members of the Meal Period Class are owed meal period premium payments per California Labor Code § 512 and 226.7, and Civil Code §§ 3287(b) and 3289.

## SECOND CAUSE OF ACTION

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

28.     Plaintiffs re-allege and incorporate by reference all prior paragraphs.

29.     Labor Code §§ 226.7 and 516, and Wage Order 7, § 12 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

30.     As alleged herein, Defendants failed to authorize and permit Plaintiffs and members of the Rest Period Class to take their legally entitled rest periods. Defendants also failed to compensate Plaintiffs and members of the Rest Period Class for each rest period to which they were entitled while working.

31.     The foregoing violations create an entitlement to recovery by Plaintiffs and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

**THIRD CAUSE OF ACTION**

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES**

**(AGAINST ALL DEFENDANTS)**

32.     Plaintiffs re-allege and incorporate by reference all prior paragraphs.

33.     At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

34.     At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative

of any right or remedy to which he is entitled under the laws of this State."

35.    Due to Defendants' unlawful policy and practice of requiring employees to use their personal cellular phones for work-related purposes, and failing to pay reimbursements to Plaintiffs and members of the Employee Expense Class, Defendants have violated Labor Code §2802.

36.    As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, Plaintiff and members of the Employee Expense Class suffered damages in sums, which will be shown according to proof.

37.    Plaintiff and members of the Employee Expense Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

38.    Pursuant to Labor Code §2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiffs and members of the Employee Expense Class are entitled to interest, which shall accrue from the date on which they incurred the initial necessary expenditure.

## FOURTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

39.    Plaintiffs re-allege and incorporate by reference all prior paragraphs.

40.    Plaintiffs are informed and believe, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff Chavez and the Wage Statement Class with accurate and itemized wage statements that included, among other requirements, all meal and rest period premium wages earned in violation of Labor Code § 226.

41.    Defendants' failure to furnish Plaintiff Chavez and members of the Wage Statement Class with accurate and itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

their meal and rest period premium wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

42.     Defendants' failures create an entitlement to recovery by Plaintiff Chavez and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code §§ 226, including statutory penalties, civil penalties, and reasonable attorneys' fees and costs of suit according to Labor Code §§ 226 and 226.3.

**FIFTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

43.     Plaintiffs re-allege and incorporates by reference all prior paragraphs.

44.     This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

45.     Additionally, Defendants violated Labor Code §§ 201-203, 212, and 213 by issuing pay cards or ATM cards as final payment of wages to employees upon their separation from employment without the employ consent. Specifically, although Defendants offer employees three options for receiving their pay, Defendants written policies and practices require employees to receive their final pay on a debit card in violation of Labor Code § 212. As alleged herein, these pay cards or ATM cards were not useable at all locations, required fees for usage in some instances, and upon information and belief, did not allow employees to access all of the monies contained on such cards.

46.     Plaintiffs are informed and believe, and based thereon allege, that

Defendants failed to timely pay Plaintiffs and members of the Waiting Time Class all final wages due to them at their separation from employment, including all minimum and overtime wages, and meal and rest period premium wages.

47.    Furthermore, Plaintiffs are informed and believe, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiffs and members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

48.    Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiffs and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due.

49.    Therefore, Plaintiffs and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

50.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

51.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of Business and Professions Code § 17200 *et seq*. by: (a) ) failing to provide Plaintiffs and members of the Meal Period Class with all meal periods to which they are entitled, or failing to pay them meal period premium payments in lieu thereof; (b) failing to authorize and permit all required duty-free rest periods to Plaintiffs and members of the Rest Period Class, and/or failing to pay them rest periods premiums payments in lieu thereof; (c)

failing to reimburse all necessary business expenditures to Plaintiffs and members of the Employee Expense Class; (d) failing to furnish Plaintiff Chavez and members of the Wage Statement Class accurate and itemized wage statements; (e) failing to timely pay all wages owed upon separation to Plaintiffs and members of the Waiting Time Class; and (h) paying Plaintiff Chavez and members of the Waiting Time Class their final wages on a pay card without their consent.

52.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

53.    Because Plaintiffs are a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

54.    The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

55.    Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiffs have thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

///

///

///

## SEVENTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT

## (AGAINST ALL DEFENDANTS)

56.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

57.    Defendants have committed Labor Code violations against Plaintiffs and other aggrieved employees. Plaintiff Chavez is an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, and acting on behalf of herself, other aggrieved employees, and the State of California, brings this representative action against Defendants to recover the civil penalties due to Plaintiff Chavez and other  aggrieved employees against whom one or more of the violations has been committed, and the State of California according to proof, pursuant to Labor Code § 2699, including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100.00 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation and $1,000.00 for each subsequent violation of Labor Code § 226, pursuant to Labor Code § 226.3 per employee per pay period; and/or (5) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the following Labor Code violations:

    a.  Failing to provide all legally required meal periods, and failing to pay meal period premium pay, to Plaintiff Chavez and other aggrieved employees in violation of Labor Code §§ 226.7, 512, and 558;

b. Failing to authorize and permit all legally required rest periods, and failing to pay rest period premiums, to Plaintiff Chavez and other aggrieved employees in violation of Labor Code §§ 226.7, 516, and 558;

c. Failing to reimburse Plaintiff Chavez and other aggrieved employees for all necessary business expenses in violation of Labor Code §§ 1198, 2802 and 2804;

d. Failing to furnish Plaintiff Chavez and other aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

e. Failing to timely pay all final wages and compensation earned by Plaintiff Chavez, and other aggrieved employees at the time of separation of employment in violation of Labor Code §§ 201, 202, and 203;

f. Failing to pay Plaintiff Chavez and other aggrieved employees all earned wages at least twice during each calendar month in violation of Labor Code § 204; and

g. Failing to maintain accurate records on behalf of Plaintiff Chavez and other aggrieved employees in violation of Labor Code § 1174.

58.    On December 5, 2019, Plaintiff Chavez notified Defendant Lincare Inc. via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiff Chavez's intent to bring a claim for civil penalties under the PAGA with respect to violations of the California Labor Code identified in Paragraph 59 (a)-(g) above. Now that sixty-five days have passed from Plaintiff Chavez's notifying Defendants and the LWDA of these violations, Plaintiff Chavez has exhausted her administrative requirements for bringing a PAGA claim for these violations.

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

59.    On February 10, 2020, Plaintiff Chavez filed an action against Defendants in Ventura County Superior Court, Case No. 56-2020-00539898-CU-OE-VTA, seeking PAGA civil penalties based on alleged violations of the Labor Code sections mentioned above (the "PAGA Action").  Pursuant to a stipulation of the parties and subsequent Court order, the statute of limitations period established by the PAGA Action applies to this PAGA cause of action in the instant case. Accordingly, Plaintiff Chavez's PAGA cause of action reaches back to one year prior to the submission of her PAGA letter, or December 5, 2018.

60.    Plaintiff Chavez was compelled to retain the services of counsel to file this court action to protect her interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff Chavez has thereby incurred attorneys' fees and costs, which she is entitled to receive under California Labor Code § 2699(g).

## PRAYER

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiffs as representatives of the Classes;

3.    For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

4.    Upon the First Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

5.    Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

6.    Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 2802

and 2804;

7. Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code § 226, *et seq.*;

8. Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code § 203;

9. Upon the Sixth Cause of Action, for restitution to Plaintiffs of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

10. Upon the Seventh Cause of Action, for civil penalties due to Plaintiff Chavez, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699, including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50.00 for each initial violation and $100.00 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; (3) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (4) $250.00 for each initial violation and $1,000.00 for each subsequent violation of Labor Code § 226 pursuant to Labor Code § 226.3 per employee per pay period; and/or (5) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for Labor Code violations for which no civil penalty is specifically provided;

11. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6, and Civil Code §§ 3287 and 3289;

12. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 2802(c), and 2699(g), and Code of Civil Procedure § 1021.5; and

13.    For such other and further relief the Court may deem just and proper.

Dated: May 3, 2021                              HAINES LAW GROUP, APC

By:    _____
                                               Paul K. Haines
                                               Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: May 3, 2021                              HAINES LAW GROUP, APC

By:    _____
                                               Paul K. Haines
                                               Attorneys for Plaintiff

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT